UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIOVANN JONES, | ) |
| | ) |
| Petitioner, | ) 21 C 2332 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| DAVID MITCHELL, Warden, Pinckneyville Correctional Center, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Giovann Jones, an Illinois prisoner serving a lengthy sentence for home invasion and aggravated criminal sexual assault, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The petition is denied, and a certificate of appealability will not issue.

### Background

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court presumes that the state courts' factual findings are correct unless they are rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Thurston v. Vanihel*, 39 F.4th 921, 929 n.2 (7th Cir. 2022) (noting that "§ 2254(e)(1) provides the mechanism for proving unreasonableness [under § 2254(d)(2)]") (alteration in original); *Jean-Paul v. Douma*, 809 F.3d 354, 360 (7th Cir. 2015) ("A state court's factual finding is unreasonable only if it ignores the clear and convincing weight of the evidence.") (internal quotation marks omitted); *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012) ("After AEDPA, we are required to presume a state court's account of the facts correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.") (internal quotation marks omitted). The following sets forth relevant facts as the Appellate Court of Illinois described

1

them on direct appeal, *People v. Jones*, No. 1-05-2994 (Ill. App. Mar. 23, 2007) (reproduced at Doc. 20-6), *appeal denied*, 875 N.E.2d 1118 (2007) (reproduced at Doc. 20-8), as well as the procedural background of the state criminal and post-conviction proceedings.

### A. Trial

A jury convicted Jones of home invasion and aggravated criminal sexual assault. Doc. 20-6 at 1. The victim, E.R., testified that she awoke on the night in question with Jones on top of her; that he sexually assaulted her, causing heavy bleeding; and that he took money from her purse before leaving. *Id*. at 1-2. The trial court sentenced Jones to thirty-year prison terms for each offense. *Id*. at 5. The court determined that E.R. had sustained "severe bodily injury" and imposed consecutive sentences. *Id*. at 5-6. The court also found that Jones had inflicted "great bodily harm," triggering a requirement that he serve 85% of the home invasion sentence. *Id*. at 6.

### B. Direct Appeal

In a counseled direct appeal, Jones challenged the length of his sentences as excessive and an abuse of discretion. Doc. 20-3. The Appellate Court of Illinois affirmed. Doc. 20-6. Jones filed pro se a petition for leave to appeal ("PLA") in the Supreme Court of Illinois. Doc. 20-7. The PLA challenged Jones's sentence as excessive, and argued as well that "severe bodily injury" and "great bodily harm" findings must be made not by the trial judge, but by the jury beyond a reasonable doubt. *Ibid*. The state supreme court denied the PLA. Doc. 20-8.

### C. State Post-Conviction Proceedings

Jones sought post-conviction relief under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*., through various *pro se* filings, which were superseded by an amended, counseled post-conviction petition. Doc. 20-12 at ¶ 15; Doc. 20-10 at 17-18; Doc. 20-2 at 37-60. The amended petition raised the following federal claims:

A. the trial court's failure to instruct the jury on the definition of "sexual penetration" violated Jones's Fourteenth Amendment due process rights, Doc. 20-2 at 44-47;

B. appellate counsel rendered ineffective assistance by failing to raise Claim A on direct appeal, *id*. at 44, 47;

C. trial counsel rendered ineffective assistance by failing to object on hearsay grounds to E.R.'s testimony that she had a torn vagina, *id*. at 47-49;

D. appellate counsel rendered ineffective assistance by failing to raise Claim C on direct appeal, *id*. at 47, 49;

E. the trial court's "great bodily harm" finding violated Jones's Sixth and Fourteenth Amendment rights to have a jury determine that issue under a reasonable doubt standard, *id*. at 49-52;

F. appellate counsel rendered ineffective assistance by failing to raise Claim E on direct appeal, *id*. at 49, 52;

G. appellate counsel rendered ineffective assistance by failing to argue that the harm E.R. sustained did not rise to the level of "great bodily harm" under Illinois law, *id*. at 51-52;

H. trial counsel rendered ineffective assistance by failing to advise Jones that he could be required to serve 85% of any sentence on the home invasion charge, *id*. at 52-54;

I. the police violated Jones's right to counsel by questioning him without a lawyer present after he had requested a lawyer, *id*. at 54-56;

J. appellate counsel rendered ineffective assistance by failing to raise Claim I on direct appeal, *id*. at 54, 56; and

K. trial counsel rendered ineffective assistance by failing to investigate and present certain mitigation evidence at the sentencing hearing, *id*. at 56-59.

The state trial court dismissed Jones's amended petition, Doc. 20-12 at ¶¶ 16-17, and denied a motion to reconsider, *id*. at ¶ 17.

With new counsel, Jones appealed. Doc. 20-9. On appeal, Jones reprised permutations of Post-Conviction Claims F and H. *Id*. at 33-44. Jones also claimed that his trial court post-conviction counsel provided deficient performance in violation of Illinois law. *Id*. at 23-32. The state appellate court affirmed the dismissal of Jones's post-conviction petition, *People v.*

3

*Jones*, 2020 IL App (1st) 151946-U (May 6, 2020) (reproduced at Doc. 20-12), and denied a petition for rehearing, Doc. 20-13 at 35.

Jones filed a counseled PLA in the Supreme Court of Illinois, challenging the appellate court's denial of relief on two of his state law claims of deficient performance by his trial court post-conviction counsel. Doc. 20-13 at 1-17. The state supreme court denied the PLA. *People v. Jones*, 159 N.E.3d 964 (Ill. 2020) (reproduced at Doc. 20-14).

Jones also moved *pro se* for leave to file a successive post-conviction petition, raising arguments under *Miller v. Alabama*, 567 U.S. 460 (2012), and related cases. Doc. 20-2 at 75-81. The trial court denied Jones's motion and Jones appealed. Doc. 20-1 at 33. Jones initially told this court that he did not wish to stay this federal habeas proceeding while the state appellate court resolved his appeal. Doc. 8. He then sought to reverse course and moved to stay this habeas proceeding. Doc. 21. This court denied that motion. Doc. 26.

## Discussion

Jones's *pro se* petition for a writ of habeas corpus raises the following claims:

1. trial counsel rendered ineffective assistance by failing to investigate and present character witnesses at sentencing, Doc. 1 at 8-9, 11;

2. post-conviction counsel failed to obtain a notarization of Jones's mother's affidavit, *id*. at 9, 11;

3. trial counsel rendered ineffective assistance by failing to assert a hearsay objection to E.R.'s testimony that she had a torn vagina, and appellate counsel rendered ineffective counsel by failing to raise that issue on direct appeal, *id*. at 9-11;

4. trial counsel rendered ineffective assistance by failing to advise Jones during plea negotiations that he could be subject to consecutive sentences and a requirement that he serve 85% of his sentence on the home invasion charge, *id*. at 10-11;

5. the trial court's "great bodily harm" finding violated Jones's right to have a jury evaluate that question under the reasonable doubt standard, *id*. at 12;

4

6. appellate counsel rendered ineffective assistance by failing to raise Claim 5 on direct appeal, *ibid.*;

7. post-conviction counsel performed deficiently by failing to indicate that he had reviewed all of Jones's *pro se* pleadings; failing to present in the amended petition two meritorious claims that Jones had raised in his *pro se* filings; and failing to present the amended petition in the proper legal form, *id*. at 13-15;

8. post-conviction counsel performed deficiently by failing to present in the amended petition critical factual allegations from his *pro se* filings, *id*. at 15;

9. appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the trial court erred when it did not instruct the jury on the definition of "sexual penetration," *id*. at 15-16;

10. the post-conviction trial court erred in dismissing Jones's post-conviction petition because, contrary to the trial court's ruling, Jones had made a substantial showing that Post-Conviction Claim H (Habeas Claim 4) was meritorious, *id*. at 16-17; and

11. the post-conviction trial court erred in dismissing Jones's post-conviction petition because, contrary to the trial court's ruling, Jones had made a substantial showing that Post-Conviction Claim F (Habeas Claim 6) was meritorious, *id*. at 17-18.

**I.    Non-Cognizable Claims (2, 7, and 8)**

Habeas Claims 2, 7, and 8 concern alleged deficiencies in the performance of Jones's post-conviction counsel. Those claims are defeated by 28 U.S.C. § 2254(i), which provides that "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Habeas Claims 2, 7, and 8 accordingly are not cognizable on federal habeas review. *See Lee-Kendrick v. Eckstein*, 38 F.4th 581, 586 (7th Cir. 2022) (explaining that § 2254(i) "expressly preclude[s] relief" where a petitioner alleges ineffective assistance of counsel during collateral post-conviction proceedings).

Citing *Trevino v. Thaler*, 569 U.S. 413 (2013), Jones argues that Habeas Claims 2, 7, and 8 are cognizable. Doc. 29 at 1-7. Along with *Martinez v. Ryan*, 566 U.S. 1 (2012), *Trevino* recognizes limited circumstances in which the absence or ineffectiveness of post-conviction

5

counsel can provide "cause" to excuse a petitioner's procedural default of certain claims. *See Martinez*, 566 U.S. at 17 (where state law requires ineffective assistance of trial counsel claims to be raised in an initial review collateral proceeding); *Trevino*, 569 U.S. at 429 (where a State's "procedural framework … makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal").

The trouble for Jones's argument is twofold. First, the *Martinez-Trevino* exception is not available to Illinois prisoners. *See Crutchfield v. Dennison*, 910 F.3d 968 (7th Cir. 2018). Second, "'[c]ause'" for excusing a procedural default "is not synonymous with 'a ground for relief'" under § 2254(i), and "§ 2254(i) precludes [a habeas petitioner] from relying on the ineffectiveness of his postconviction attorney as a ground for relief." *Martinez*, 566 U.S. at 17 (internal quotation marks omitted).

## II. Procedurally Defaulted Claims (1, 3-6, and 9-11)

The Warden argues that Habeas Claims 1, 3-6, and 9-11 are procedurally defaulted. Doc. 19 at 5-7. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield*, 910 F.3d at 972 (citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). A prisoner can satisfy this requirement either on direct appeal or on post-conviction review. *See Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). In Illinois, exhaustion requires presenting the claim to the Supreme Court of Illinois. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999). "If a petitioner fails to properly assert a federal claim at each level in the state court system, the claim is procedurally defaulted." *Sanders v. Radtke*, 48 F.4th 502, 509 (7th Cir. 2022).

Jones implicitly concedes that Habeas Claims 1, 3-6, and 9-11 are procedurally defaulted, Doc. 29 at 7-31, and the court agrees. Jones raised permutations of Habeas Claims 1, 3-6, and 9 in his amended post-conviction petition (Post-Conviction Claims K, C, H, E, F, and B, respectively). Doc. 20-2 at 44-60. But Jones pressed only Post-Conviction Claims F and H (Habeas Claims 6 and 4, respectively) in his post-conviction appeal. Doc. 20-9 at 33-44. And Habeas Claims 6 and 4 are procedurally defaulted because Jones did not press Post-Conviction Claims F and H in his post-conviction PLA. Doc. 20-13 at 1-17. Accordingly, Jones did not press any of Habeas Claims 1, 3-6, or 9-11 through one full round of state court review, resulting in a procedural default.

Jones may overcome his procedural default either by demonstrating cause and prejudice or by showing that this court's failure to consider his claims would result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Jones does not make a fundamental miscarriage of justice argument, Doc. 29 at 7-8, 24-31, resulting in a forfeiture of that ground for excusing procedural default. *See Perruquet v. Briley*, 390 F.3d 505, 514-15 (7th Cir. 2004) (explaining that the petitioner bears the burden of demonstrating an exception to procedural default); *Franklin v. Gilmore*, 188 F.3d 877, 884 (7th Cir. 1999) ("[P]rocedural default will be excused if a defendant can show that a failure to review the defendant's claims would result in a fundamental miscarriage of justice. [The petitioner], however, does not make this argument and we will not make it for him.") (citation omitted).

Jones does argue cause and prejudice. Doc. 29 at 7-8, 24-31. "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim. Prejudice is established by showing that the violation of the

7

petitioner's federal rights worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012) (internal quotation marks and citations omitted). Because Jones does not demonstrate cause, it is unnecessary to address prejudice.

Jones contends that ineffective assistance rendered by his various counsel provides cause for his defaults. Doc. 29 at 7-31. Ineffective assistance of counsel can provide cause in an appropriate case. *See Richardson*, 745 F.3d at 272 ("Meritorious claims of ineffective assistance can excuse a procedural default."). But "in order to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, [a petitioner is] required to raise the [ineffective assistance] claims through one full round of state court review, or face procedural default of those claims as well." *Ibid*. (first alteration in original) (internal quotation marks omitted). In other words, "a claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000)).

Jones argues that his trial counsel was ineffective in several respects. But Jones procedurally defaulted his ineffective assistance of trial counsel claims by failing to raise them through one complete round of state court review. Jones's appellate counsel could have argued ineffective assistance of trial counsel on direct appeal, *see Crutchfield*, 910 F.3d at 978 ("Illinois law gives prisoners a meaningful opportunity to litigate claims of ineffective assistance of trial counsel on direct review."), but did not do so. Nor did Jones exhaust his ineffective assistance of trial counsel claims on post-conviction review.

8

Even if Jones's failure to exhaust those claims on post-conviction review resulted from the ineffective assistance of post-conviction counsel, that would not provide cause to excuse the defaults. As a general rule, "in proceedings for which the Constitution does not guarantee the assistance of counsel at all, attorney error cannot provide cause to excuse a default." *Davila*, 137 S. Ct. at 2065. "Because there is no Sixth Amendment right to counsel on collateral review, attorney error in postconviction proceedings is not cause to excuse a procedural default." *Crutchfield*, 910 F.3d at 973. As noted, *Martinez* and *Trevino* contemplate limited circumstances in which the absence or ineffectiveness of post-conviction counsel can provide cause to excuse a petitioner's procedural default of an ineffective assistance of trial counsel claim, but the *Martinez-Trevino* exception does not apply to Illinois prisoners. *Id.* at 978. It follows that the possible ineffectiveness of post-conviction counsel cannot provide cause to excuse Jones's procedural defaults of his ineffective assistance of trial counsel claims.

Jones also claims that his direct appeal counsel was ineffective in several respects. Again, those claims are procedurally defaulted because they were not raised in one complete round of state court review. And the ineffective assistance of post-conviction counsel cannot provide cause to excuse the procedural default of claims of ineffective direct appeal counsel. *See Davila*, 137 S. Ct. at 2065 ("Petitioner asks us to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim. We decline to do so."); *McGhee v. Watson*, 900 F.3d 849, 852 (7th Cir. 2018) ("[One of the petitioner's ineffective assistance of appellate counsel claims] is procedurally defaulted. [The petitioner] failed to present it through one complete round of state-court review, and the

9

ineffective assistance of postconviction counsel is not cause to excuse a defaulted claim that appellate counsel was constitutionally ineffective.").

In sum, Habeas Claims 1, 3-6, and 9-11 are procedurally defaulted. Ineffective assistance of counsel cannot provide cause to excuse those defaults because Jones's ineffective assistance claims are themselves procedurally defaulted and he shows no cause to excuse the latter defaults.

## Conclusion

Jones's habeas petition is denied because his claims are either non-cognizable or procedurally defaulted. Rule 11(a) of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant." *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). The applicable standard is as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484; *see also Anderson v. Litscher*, 281 F.3d 672, 673-74 (7th Cir. 2002).

This court's denial of Jones's habeas petition relies on settled precedents and the application of those precedents to his petition does not present difficult or close questions, and so

the petition does not meet the standard for granting a certificate of appealability. This court therefore denies a certificate of appealability.

October 11, 2022

_____
United States District Judge